**POMERANTZ LLP**
Jordan L. Lurie, State Bar No. 130013
jllurie@pomlaw.com
Ari Y. Basser, State Bar No. 272618
abasser@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 432-8492

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

JESSICA FOUST, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

TOYOTA MOTOR CORP., TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC.,

Defendants.

Case No. 2:21-CV-5414

**CLASS ACTION**

**COMPLAINT FOR:**

**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE, SECTION 17200, *et seq.***

Plaintiff Jessica Foust ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, brings this action against Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc., (collectively "Defendants" or "Toyota"), upon information and belief, except as to her own actions, the investigation of her counsel, and facts that are a matter of public record.

Plaintiff alleges as follows:

**INTRODUCTION**

1. For decades, Toyota has been in the business of importing to and distributing Toyota vehicles in the State of California, with the intent to sell Toyota vehicles to consumers in California. As such, the Toyota vehicles have been subject to California State and federal regulations regarding both emissions standards and regarding Toyota's obligations to provide consumers with warranties relating to emissions related parts.

2. Dating back to 2010, Toyota has distributed Partial Zero Emissions Vehicles ("PZEV"), as defined by California Code of Regulations ("CCR" or "Regulations") Title 13, Section 1962.1, to consumers in the State of California. Toyota has received Zero Emissions Vehicle ("ZEV") credits from the State of California relating to the distribution of the ZEV and PZEV vehicles. In exchange for Toyota receiving credits, Toyota was, and is, required, under the express terms of the Regulations to extend the California Emissions Warranty as defined by CCR Title 13, Sections 1962.1, 2035, 2037 and 2038 ("California Emissions Warranty"), relating to the PZEV vehicles, to 15 years or 150,000 miles for all emission related parts and to 10 years or 150,000 miles for the hybrid battery.

3. This consumer class action arises out of Toyota's failure to properly identify and pay for all of the vehicle parts and labor that should correctly be covered pursuant the California Emissions Warranty relating to model year 2011

through 2017 Lexus CT200h and model year 2007 through 2019 Toyota Prius Toyota PZEV vehicles ("Class Vehicles").

4. Specifically, the California Emissions Warranty requires that, for PZEV Vehicles, all defects in materials or workmanship that would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate (as defined in CCR Title 13 Section 2037), all defects in materials or workmanship that would increase emissions, and all defects in materials or workmanship that would result in a vehicle not being able to pass a California smog check are warranted for 15 years or 150,000 miles, whichever occurs first (italics added).

5. Importantly for this action, CCR Title 13 Section 1962.1 provides that for 2009 through 2017 model years the warranty period is *10 years or 150,000* miles for a battery in a PZEV vehicle. As the Regulation states, "the time period is to be 10 years for a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device)." CCR Title 13 Section 1962.2 provides the same requirement for 2018 and subsequent model year vehicles.

6. The Class Vehicles are all defined by the CCR as PZEV vehicles, which means that the battery in the Class Vehicles is covered for 10 years or 150,000 miles under the California Emissions Warranty.

7. Toyota has wrongfully limited the duration of coverage of the hybrid battery in Class Vehicles. In particular, Toyota has violated the California Emissions Warranty by failing to cover the hybrid battery in the Class Vehicles for 10 years or 150,000 miles, as expressly required by the Regulations. Instead, Toyota covers the battery under warranty for only *8 years* or *100,000 miles* in violation of the Regulations.

8. The warranty books for the Class Vehicles state that the California Emissions Control Warranty covers the Vehicles' Hybrid System which consists of following components: Battery control module (battery voltage sensor); Hybrid

battery; Hybrid Battery junction block (including system main relay); Hybrid control module (power management control module); Inverter with converter; and, Transaxle (including motor and generator). The warranty books unlawfully and incorrectly provide that the Hybrid battery "is covered under the Hybrid System Warranty for *eight years or 100,000 miles*, whichever occurs first."

9. Further, the warranty books for the Class Vehicles expressly provide that the California Emissions Warranty applies to vehicles in states other than California. As the warranty books state: "Connecticut, Delaware, Maine, Maryland, Massachusetts, New Jersey, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington are the other states to which this [California Emission Control] warranty currently applies."

10. By not properly covering the battery under the California Emissions Warranty for 10 years/150,000 miles and by not comprehensively identifying to consumers and factory authorized repair facilities all of the parts that should be properly covered under the California Emissions Warranty, Toyota has wrongfully limited the warranty coverage for the hybrid battery.

11. Toyota is acting as alleged herein in order to limit its warranty exposure. By limiting the coverage under the California Emissions Warranty, Toyota is able to reduce the amount of money that Toyota spends on warranty-related repairs to the hybrid battery in Class Vehicles, knowing that most if not all dealerships or consumers will not investigate or understand that the hybrid battery should correctly be covered for 10 years/150,000 miles under the California Emissions Warranty as required by the California Code of Regulations.

12. As a result of Toyota's conduct, Plaintiff and Class members have paid and are continuing to pay out of pocket for repairs that should be covered under the California Emissions Warranty.

13. Toyota's conduct with respect to the Class Vehicles is particularly egregious because, in October 2019, Toyota extended its Hybrid Battery Warranty

for all new model year 2020 Lexus hybrid and Toyota hybrid, plug-in hybrid and fuel cell electric vehicles from 8 years/100,000 miles to 10 years/150,000 miles but did not make that coverage applicable to the Class Vehicles.

14. Plaintiff seeks reimbursement for, *inter alia*, all out of pocket costs paid for repairs that should have been covered under the California Emissions Warranty relating to Class Vehicles. Plaintiff seeks an injunction to compel Toyota to properly cover the hybrid battery under the California Emissions Warranty; to properly cover all other parts or components that should have been, and that should be, properly covered under the California Emissions Warranty; and to provide a corrective action plan to accomplish those results.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because: (i) members of the Class are citizens of a state different from that of Toyota; and (ii) aggregating the claims of individual Class members, the total matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Further, 28 U.S.C. § 1332(d)(5) does not apply because (i) Toyota is not a state, state official, or other governmental entity against whom the Court may be foreclosed from ordering relief, and (ii) the number of members of the Class in the aggregate exceeds 100.

16. This Court has personal jurisdiction over Toyota because Toyota has sufficient minimum contacts with California, having intentionally availed itself of the California market so as to render the exercise of jurisdiction over it by this District Court consistent with traditional notions of fair play and substantial justice. Defendants Toyota Motor North America, Inc. and Defendant Toyota Motor Sales, U.S.A., Inc. are California corporations.

17. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Toyota conducts business within the State of California, Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc. have designated with the

office of the California Secretary of State a principal place of business in California, and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PARTIES

18. Plaintiff Jessica Foust is, and at all times relevant hereto has been, a resident and citizen of the State of California, County of Los Angeles.

19. Defendants are automobile design, manufacturing, distribution, and/or service corporations doing business within the United States, and design, develop, manufacture, distribute, market, sell, lease, warrant, service, and repair passenger vehicles, including Class Vehicles.

20. Defendant Toyota Motor Corporation ("TMC") is a Japanese corporation with its principal place of business located at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-8571, Japan. TMC is the parent corporation of Toyota Motor Sales, U.S.A., Inc. TMC, through its various subsidiaries and affiliates, designs, manufactures, markets, distributes and warrants the Class Vehicles through the fifty States. On information and belief, TMC determines which parts in the Class Vehicles are covered under are California Emissions Warranty and the terms of that coverage.

21. Defendant Toyota Motor North America, Inc. ("TMNA") is a California corporation headquartered in Plano, Texas as of May 2017. TMNA operates as a wholly owned subsidiary of TMC, and is the corporate parent of Toyota Motor Sales, U.S.A., Inc. TMNA oversees government and regulatory affairs, energy, economic research, philanthropy, corporate advertising, and corporate communications for all of TMC's North American operations.

22. Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") is a California corporation headquartered in Plano, Texas. TMS is TMC and TMNA's U.S. sales and marketing division, which oversees sales and other operations across the United States. TMS distributes Toyota parts and vehicles, which are then sold

through Defendants' network of dealers. Money received from the purchase of a Toyota vehicle or parts from a dealership flows from the dealer to TMS. Money received by the dealer from a purchaser can be traced to TMS and TMC.

23. TMS also oversees Toyota's National Warranty Operations (NWO), which, among other things, reviews and analyzes warranty data submitted by Toyota's dealerships and authorized technicians in order to identify defect trends in vehicles. Upon information and belief, Toyota dictates that when a repair is made under warranty (or warranty coverage is requested), service centers must provide Defendants with detailed documentation of the problem and the fix that describes the complaint, cause, and correction, and also save the broken part in the event Defendants decide to audit the dealership. NWO collects this information, makes it available to other Toyota divisions, and assists Toyota in determining whether particular repairs are covered by an applicable Toyota warranty.

24. Toyota manufactured, sold, and warranted the Class Vehicles throughout the United States. Toyota and/or its agents, divisions, or subsidiaries designed, manufactured, and installed the hybrid battery on the Class Vehicles.

25. TMC, TMNA and TMS are collectively referred to herein as "Defendants" or "Toyota" unless identified separately.

26. There exists, and at all times herein mentioned has been, a unity of ownership between TMC, TMNA, and TMC and their agents such that any individuality or separateness between them has ceased and each of them is the alter ego of the others. Adherence to the fiction of the separate existence of Defendants, would, under the circumstances set forth in this complaint, sanction fraud or promote injustice.

27. For example, upon information and belief, Defendants TMNA and TMS communicate with Defendant TMC concerning virtually all aspects of the Toyota products TMNA and TMS distribute within the United States, including which parts are covered under the California Emissions Warranty. Toyota's

decision not to cover the hybrid battery under the California Emissions Warranty for Plaintiff or the Class for 10 years or 150,00 miles was a decision made jointly by TMC, TMNA and TMC.

28. Toyota also developed the owner's manuals, informational brochures, warranty booklets and information included in maintenance recommendations and/or schedules for the Class Vehicles, all of which fail to disclose that the hybrid battery should be covered for 10 years or 150,00 miles under the California Emissions Warranty.

29. The true names and capacities of Defendants sued in this Complaint as Does 1 through 10, inclusive, are currently unknown to Plaintiff, and therefore Plaintiff sues such Defendants by such fictitious names.

30. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, shareholders, managers, or employees of Toyota at all relevant times.

31. Plaintiff is informed and believes, and on that basis alleges that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained, as may be necessary. Each reference in this Complaint to "Toyota" or "Defendant" is also a reference to all Defendants sued as Does 1 through 10.

32. Plaintiff reserves the right to expand, limit, modify, or amend these allegations at any time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

///

///

///

**PLAINTIFF'S FACTS**

33. On February 25, 2017, Plaintiff purchased a 2015 Lexus CT200H (VIN JTHKD5BH1F2229022) from Lexus of Valencia, located in Valencia, California.

34. At the time that Plaintiff purchased the Vehicle, the Vehicle still had in place the remainder of the California Emissions Warranty. Plaintiff received a warranty booklet. The warranty booklet provided to Plaintiff indicated that the Vehicle's warranty included coverage pursuant to the California Emissions Warranty.

35. On or about April 30, 2021, at 102,768 miles, Plaintiff brought her vehicle to Lexus of Woodland Hills in Woodland Hills, California because the check engine/check hybrid system light was illuminated. At the time of presentation, the Vehicle was still covered under the California Emissions Warranty.

36. Lexus of Woodland Hills performed a diagnostic check of the Vehicle's hybrid system and discovered Fault Code P0A80 for Hybrid Battery Pack Malfunction and Fault Code P3000 for Battery Control System. Based on its diagnosis, Lexus of Woodland Hills determined that the Vehicle's Hybrid Battery Pack malfunctioned and should be replaced.

37. As alleged and define above, Plaintiff's vehicle is a PZEV, and therefore, entitled to coverage under California Emissions Warranty. The California Emissions Warranty expressly covers the hybrid battery for 10 year or 150,000 miles. Plaintiff's repair should have been covered under the California Emissions Warranty, as Plaintiff's repair occurred at only 6 years and 102,768 miles.

38. However, Lexus of Woodland Hills advised Plaintiff that the repair was not covered under warranty and refused to replace the Vehicle's Hybrid

Battery Pack under the California Emissions Warranty. Plaintiff's Vehicle sat at the dealership while Plaintiff attempted to resolve the coverage issue.

39. In or about early May 2021, Plaintiff contacted Toyota directly to discuss coverage for the repair under the California Emissions Warranty. Toyota refused to cover the repair under the California Emissions Warranty, even after Plaintiff expressly advised Toyota of the requirements under CCR 1962. Toyota claimed that the repair was not covered under California Emissions Warranty.

40. On or about June 16, 2021, Plaintiff had the repair performed at Lexus of Woodland Hills in Woodland Hills. Lexus of Woodland Hills replaced the Vehicle's Hybrid Battery Pack, including the battery and the battery blower assembly. Plaintiff paid $1,445.14 for the repair, after a goodwill discount.

41. Toyota's conduct with respect to Plaintiff and the Class Vehicles is particularly egregious because, in October 2019, Toyota extended its Hybrid Battery Warranty for all new model year 2020 Lexus hybrid and Toyota hybrid, plug-in hybrid and fuel cell electric vehicles, but did not make that coverage applicable to Class Vehicles.

42. On October 10, 2019, Toyota issued a press release in which "Toyota announced it will extend its hybrid battery warranty from 8 years/100,000 miles to 10 years from date of first use/150,000 miles, whichever comes first. This extension is valid for all new model year 2020 Toyota hybrid, plug-in hybrid, and fuel cell electric vehicles. All other HV components will retain coverage under the Hybrid System Warranty at 8 years/100,000 miles, whichever comes first." Further, Toyota stated that "the new 2020 Toyota hybrid battery warranty is the longest offered warranty in the industry that covers first ownership and all subsequent owners – making it even easier for Toyota to deliver the fuel efficiency, amazing range, dynamic performance, and positive environmental benefits that this innovative technology delivers."

43. On October 10, 2019, Toyota also issued a nearly identical press release with respect to 2020 Lexus hybrid vehicles. Lexus announced that "it will extend its Hybrid Battery Warranty from 8 years/100,000 miles to 10 years from date of first use/150,000 miles, whichever comes first – an extension that is valid for all new model year 2020 Lexus hybrid vehicles. All other HV components will retain coverage under the Hybrid System Warranty at 8 years/100,000 miles, whichever comes first." Further, Lexus stated that "The new 2020 Lexus hybrid battery warranty is the longest warranty offered in the luxury segment that covers first ownership and all subsequent owners – making it even easier for Lexus to deliver the fuel efficiency, amazing driving range, dynamic performance, and eco-sensitive benefits that this innovative technology provides."

44. Plaintiff and other members of the Class have suffered damage as a result of Toyota's wrongful conduct.

45. By failing to provide 10-year/150,000-mile warranty coverage for the hybrid battery in the Class Vehicles that are by operation of law covered under the California Emissions Warranty, Toyota has violated at least, the unlawful and unfair prongs of the California's unfair business practices statute, California Business and Professions Code section 17200, *et seq*. (the "UCL").

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

46. Plaintiff re-alleges and incorporates by reference each allegation set forth above.

47. Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure Rules 23(a), (b)(2) and (b)(3) on behalf of himself and members of the Class as defined below.

48. Excluded from the Class are Defendant, and its subsidiaries and affiliates; its current and former officers, directors, and employees (and members of their immediate families); and the legal representatives, heirs, successors or assigns of any of the foregoing.

49. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

50. Plaintiff's proposed class ("Class Members") consists of and is defined as follows:

> All persons who are, or have been, owners or lessees of model year 2011 through 2017 Lexus CT200h PZEV vehicles and model year 2007 through 2019 Toyota Prius PZEV vehicles, registered or operated in California, Connecticut, Delaware, Maine, Maryland, Massachusetts, New Jersey, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington.

51. The express terms of Toyota's warranty books for the Class Vehicles provide that the California Emission Control Warranty applies to vehicles in states other than California. As the warranty books state: "Connecticut, Delaware, Maine, Maryland, Massachusetts, New Jersey, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington are the other states to which this [California Emission Control] warranty currently applies." Therefore, the Class as defined includes vehicles registered or operated in states other than California.

52. On behalf of the Class or any subclass, as necessary, Plaintiff seeks restitution or reimbursement for the monies wrongfully paid by Plaintiff and the Class relating to repairs, including hybrid battery repairs or replacement, that should have been covered by Toyota under the 10-year and 150,000-mile California Emissions Warranty.

53. On behalf of the Class or any subclass, as necessary, Plaintiff also seeks injunctive relief requiring Toyota to properly cover the hybrid battery under the California Emissions Warranty; to properly cover all other parts or components that should have been, and that should be, properly covered under the California Emissions Warranty; and to provide a corrective action plan to accomplish those results.

54. Plaintiff reserves the right to redefine the Class and Subclass and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

55. As required by Fed. R. Civ. P. 23(a)(2) and (b)(3), there are questions of law and fact common to the Class, and those common questions predominate over any questions affecting only individual members. Among the common questions of law and fact include:

(a) Whether Toyota has failed, and is failing, to comply with the California Emissions Warranty relating to the Class Vehicles by failing to cover the hybrid battery for 10-years/150,000-miles.

(b) Whether Toyota has failed, and is failing, to identify for Class Members and dealerships all of the parts, including the hybrid battery, relating to Class Vehicles that should properly be identified as covered under the California Emissions Warranty.

(c) Whether Toyota has failed, and is failing, to identify all of the parts of the Class Vehicles, including the hybrid battery, that should be identified covered under California Emissions Warranty in an effort to reduce the amount of money that Toyota spends on warranty related repairs.

(d) Whether Toyota's conduct of failing to identify all of the parts of the Class Vehicles, including the hybrid battery, that should properly be identified under the California Emissions Warranty results in consumers suffering financial loss.

(e) Whether Toyota's conduct of failing to identify all of the parts of the Class Vehicles, including the hybrid battery, that should be identified as covered by the California Emissions Warranty violates California law.

(f) The appropriate amount of restitution, or monetary penalties resulting from Toyota's violations of California law.

56. Numerosity: As required by Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all Class members would be unfeasible and impractical, and the resolutions of their claims through the procedure of a class action will be of benefit to the Parties and the Court. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's records.

57. Typicality: As required by Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of the claims of all Class members since Plaintiff and all members of the Class suffered damages as result of Defendant's concealment and wrongful conduct set forth herein.

58. Adequacy: As required by Fed. R. Civ. P. 23(a)(4), Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has no interests adverse or antagonistic to those of the Class and has retained counsel competent and experienced in class action litigation who will zealously prosecute this matter on behalf of the Class to its conclusion.

59. Superiority: As required by Fed. R. Civ. P. 23(b)(3), the nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

60. Defendant keeps extensive computerized records of its customers. Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

61. Class certification of Plaintiff's claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class.

## TOLLING OF THE STATUTE OF LIMITATIONS

62. Despite acting diligently, Plaintiff and the Class cannot be reasonably expected on their own to learn or discover what parts and repairs of the Class Vehicles should be identified as warranted parts covered under the 10-year and 150,000-mile California Emissions Warranty. Therefore, the discovery rule is applicable to the claims asserted by Plaintiff and members of the Class, and the statute of limitations for bringing the claims set forth herein should be tolled.

## FIRST CLAIM FOR RELIEF

### Violation of California Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq*.)

63. Plaintiff re-alleges and incorporates by reference each allegation set forth above.

64. California Business and Professions Code section 17200, *et seq*. (the "UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Toyota has committed acts of unfair competition proscribed by the UCL, including, but not limited to the unlawful and deceptive prongs, and the acts and practices alleged herein.

65. The UCL imposes strict liability. Plaintiff need not prove that Toyota intentionally or negligently engaged in unlawful or unfair business practices – only that such practices occurred.

66. Toyota is a "person" as defined by Business & Professions Code § 17201.

67. As a direct and proximate result of Toyota's acts and practices in violation of the UCL, Plaintiff and members of the Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

**Unlawful Prong**

68. A business practice is "unlawful" under the UCL if it is forbidden by law or regulations, including standard of professional conduct. The violation of any law or regulation may serve as the predicate for a violation of the "unlawful" prong of the UCL.

69. Toyota failed to comply with the California Emissions Warranty requirements regarding the Class Vehicles pursuant to the CCR by failing to provide 10-year and 150,000-mile warranty coverage for the parts and labor cost to diagnose and repair the hybrid battery covered under the California Emissions Warranty. Toyota also failed to comply with the California Emissions Warranty requirements regarding the Class Vehicles pursuant to the CCR by failing to provide 15-year and 150,000-mile warranty coverage and/or 10-year and 150,000-mile warranty coverage for all of the parts and labor cost to diagnose and repair parts covered under the California Emissions Warranty. This conduct is a violation of CCR Title 13 Section 1962.1, 2035, 2037 and 2038, and is unlawful. The failure has resulted in damage to Plaintiff and members of the Class.

70. Toyota's acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, inter alia, C.C.P. Section 1021.5.

**Unfair Prong**

71. Toyota's conduct violates the unfair prong of the UCL.

72. An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition and is not an injury the consumers themselves could reasonably have avoided. An act or

practice also is unfair if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. An act or practice also is unfair if Plaintiff's claims are "tethered" to specific constitutional, statutory or regulatory provisions. Toyota's conduct violates all of these definitions.

73. As alleged above, Toyota engages and has engaged in a systematic business practice of intentionally failing to identify in the Class Vehicles' warranty booklet at the time of distribution, and in resources provided to its dealerships, numerous parts of the Class Vehicles that Toyota is obligated to identify as being covered by the California Emissions Warranty by operation of law, including specifically the parts referenced in the subclass. Toyota does this in an effort to reduce the amount of money that Toyota spends on warranty-related repairs knowing that it would be very difficult if not impossible for most consumers to discover this unlawful conduct. If Toyota complied with California law and properly identified all of the parts of the Class Vehicles that should be identified as covered under the California Emissions Warranty, then Toyota dealerships would properly provide warranty coverage for said warranted parts.

74. Further, Toyota's conduct is unfair because it intentionally refuses to provide warranty coverage for the sole purpose of wrongfully limiting its warranty claims, with no regard for the fact that the public is being forced to pay for repairs which should be properly covered under the California Emissions Warranty. Plaintiff and members of the Class have suffered injury in fact and lost money or property as a result of Toyota's unfair business acts and practices as set forth in detail.

75. Toyota's failure to properly identify all of the parts of the Class Vehicles, including the hybrid battery, that should properly be provided pursuant to the California Warranty Coverage is a uniform, systematic, and wrongful

business practice on the part of Toyota to minimize the amount of money that Toyota has to pay out in warranty claims. This conduct violates California law.

76. As a direct and proximate result of Toyota's acts and practices in violation of the UCL, Plaintiff and members of the Class have paid out of pocket to repair or replace parts of the Class Vehicles that should have been covered by Toyota under the California Emissions Warranty. As a result, consumers have been forced to pay out of pocket to repair or replace vehicle components that should be covered under warranty is clearly unfair.

77. Toyota's conduct does not benefit consumers or competition. Plaintiff and members of the Class could not reasonably avoid the injury each of them suffered or will suffer, which injury is substantial. Toyota's conduct only benefits Toyota, by Toyota wrongfully avoiding having to pay warranty claims which should be covered by the California Emissions Warranty.

78. The gravity of the consequences of Toyota's conduct as described above outweighs the justification, motive or reason therefor, is immoral, unethical and unscrupulous.

79. Toyota's conduct also offends established public policy that is tethered to legislatively declared policies as set forth in the laws detailed above, including California laws and regulations regarding California's Emission Control System Warranty Requirements, or is substantially injurious to the public, for the reasons set forth above.

80. To the extent that any definition of "unfair" requires a balancing test or weighing various factors, such an inquiry is fact intensive and requires a full factual record as to Toyota's justification and motives for its conduct, and as to the impact of Toyota's conduct on Plaintiff and Class members.

81. Toyota's acts of unfair competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court

issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Toyota as follows:

(a) An order certifying the proposed Class designating Plaintiff as named representative of the Class, and designating the Plaintiff's Counsel as Class Counsel;

(b) A declaration that Toyota is financially responsible for notifying all Class members about the wrongful conduct set forth herein;

(c) An order enjoining Toyota from further unfair and unlawful distribution, sales, and lease practices, and to reimburse both Plaintiff and the Class for the money wrongfully paid by Plaintiff and members of the Class relating to repairs to Class Vehicles which should properly have been covered by Toyota under the California Emissions Warranty;

(d) An award to Plaintiff and members of the Class of any repair costs they are owed and any other restitution due;

(f) A declaration that Toyota must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received as a result of the wrongful conduct set forth herein, or make full restitution to Plaintiff and members of the Class;

(g) An award of attorneys' fees and costs, as allowed by law;

(h) An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(i) An award of pre-judgment and post-judgment interest;

(j) Leave to amend the Complaint to conform to the evidence produced at trial; and,

(k) Other relief as may be appropriate under the circumstances.

///

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procure, Rule 38(b), Plaintiff hereby demands a trial by jury as to all claims so triable.

Dated: July 2, 2021

Respectfully submitted,

**POMERANTZ LLP**

By: /s/ Ari Y. Basser

Jordan L. Lurie
Ari Y. Basser

*Attorneys for Plaintiff*